Because the trial court did not violate the "law of the case" doctrine, I must respectfully dissent. This Court's opinion inF.M.D. I required that the trial court determine the appropriate constitutional test, make appropriate findings of fact, and apply those facts to the constitutional standard. Nothing in F.M.D. I, however, restricted the trial court to ruling on the constitutionality of the Open Space ordinance if such a ruling was unnecessary. The issue of whether the municipal park impact assessments are taxes or fees was not even addressed by this Court in F.M.D. I.
The Supreme Court of Ohio has explained that:
 It is basic law that an "action of the Court of Appeals in reversing and remanding the cause to the Court of Common Pleas for further proceedings has the effect of reinstating the case to the Court of Common Pleas in statu quo ante. The cause is reinstated on the docket of the court below in precisely the same condition that obtained before the action that resulted in the appeal and reversal."
 Armstrong v. Marathon Oil Co. (1987), 32 Ohio St.3d 397, 418, quoting 5 Ohio Jurisprudence 3d (1978) 426, Appellate Review, Section 717. Accordingly, the trial court received the instant case on remand essentially just prior to ruling on the motions for summary judgment. At that point, the trial court correctly proceeded in accordance with the well-settled proposition of law that "questions involving the constitutionality of statutes will not be determined by this court unless such determination is essential to the rendition of a proper judgment." State ex rel. Clarke v. Cook (1921), 103 Ohio St. 465, paragraph one of the syllabus. As such, I would hold that the trial court did not err by declining to rule on the constitutionality of the ordinance.